## WALN vs. EMLEY and others.

1. Under a residuary devise " of all my estate, real, personal, or mixed, in fee simple, subject to the following annuities, to be paid by her out of my estate, during her natural life," &c., the annuities are a lien upon the real estate, prior to mortgages given by the devisee.

2. The gift being expressly subject to the payment of the annuities, the mortgagee of the devisee can stand in no better position than the devisee herself could.

3. The annuitants being all minors, for aught that appears, when the mortgages were given, the doctrine of estoppel has no application.

4. Nor is the real estate relieved from the lien of the annuities, on the ground that the personal estate was the primary fund for their payment. It does not appear that the mortgagor had in her hands, at the time of

Waln *v.* Emley.

making the mortgages, any personal property liable to the payment of the annuities, or that any personal property remained after payment of testator's debts.

5. *Quære.* Whether, as between the mortgagee, and a purchaser from the devisee of a tract of land devised to her, subject to the annuities, such purchaser could be required to contribute, proportionally, to the payment of the annuities, the mortgagee having taken his mortgages after the conveyance of that land, and with full notice thereof.

6. Decree for the sale of mortgaged premises, subject to the annuities.

On final hearing, on pleadings and proofs.

*Mr. Mahlon Hutchinson* and *Mr. J. Wilson,* for complainants.

*Mr. Joel Parker,* for Hannah Moore.

*Mr. Amzi McLean,* for the other defendants.

THE CHANCELLOR.

This is a suit for foreclosure and sale of mortgaged premises in the counties of Monmouth and Ocean. The land constituted part of the estate of William H. Emley. By his will, after directing that all his debts and funeral and testamentary expenses be paid as soon as conveniently might be after his death, and making two specific devises of pieces of cedar swamp, and giving a legacy of $100, he proceeded as follows: "I give and bequeath to my beloved wife all the rest, residue and remainder of all my estate, whether real, personal, or mixed, in fee simple, to her and her heirs, forever, subject to the following annuities, to be paid by her out of my estate, during her natural life, and then to cease; namely, seventy-five dollars, per year, to Hannah Moore, and seventy-five dollars, per year, to each of the children of my deceased brother, Charles Emley." He appointed his wife and Joseph B. Moore his executors. There appears to have been a litigation in respect to the will, which resulted in its admission to probate. The account of the administrator *pendente lite,*

was passed in 1868. It showed a balance of $8814.10 in his hands, to be paid over to the executor. The will was proved on the 11th of October, 1867. On the 15th of June, 1868, the widow conveyed to John L. Hulme, for the consideration of $1350, a tract of sixty acres of woodland, which was part of the land devised to her by the will. On the 1st of April, 1870, she executed one of the mortgages held by the complainant, and on the 1st of April, 1872, she executed the other. Both these mortgages were given to John R. Waln, by whom they were afterwards assigned to the complainant. The first was made to secure the payment of $4587 in one year, with interest, and the other to secure the payment of $2397 in one year, with interest. They cover over three hundred acres, the residue of the land devised to the widow. The question between the parties to this suit is, whether these mortgages are entitled to priority in payment over the annuities, on which there are considerable arrears. Three of the annuitants are still minors; another came of age about the 1st of April last. It is clear that the testator intended to charge the annuities on the real estate devised to his widow. It is insisted, on behalf of the complainant, that the annuities should be postponed to the payment of his mortgages, on the ground of estoppel, and on the further ground that the annuities are primarily payable out of the personal estate bequeathed to the widow. The doctrine of estoppel has no application under the circumstances presented by this case. As before stated, some of the annuitants are yet infants, some are married women, another of them has very recently attained her majority, and for aught that appears, all of them were infants when the complainant's mortgages were given. But there is no evidence of any act, representation or silence on the part of any of them, of which the complainant has any right to complain. The mortgagee saw fit to take a mortgage upon land which was charged with the payment of the annuities. He had notice of the charge, for it was not only in the instrument under which the mortgagor obtained her title, but it constituted part of the devise which conferred her title

upon her. That devise was expressly subject to the annuities. Nor is the complainant entitled to relief against the annuities, on the ground that the personal estate bequeathed to the mortgagor was the primary fund for their payment. It does not appear in the case that the mortgagor had in her hands, at the time of making the mortgages, any personal property liable to the payment of the annuities. It indeed appears that in 1868, the administrator, *pendente lite*, had in his hands a balance of $8814.10, payable to the executors. But whether any part of that money remained after payment of the debts of the testator and the legacy of $100 to his half brother, does not appear. The testimony shows that the mortgagor has not now any personal property out of which the annuities, or any part of them, can be realized. By the will, she was entitled to the balance of the personal estate of the testator, after payment of his debts and the last mentioned legacy, and all the residue of his real estate ; but the gift was expressly subject to the payment of the annuities. The complainant, as the mortgagee of the devisee, can, under the circumstances, stand in no better position than she could herself. *Newman* v. *Kent*, 1 *Merivale* 240 ; *Shackleton* v. *Shackleton*, 2 *S. & S.* 242. If she has wasted the personal property, she could not, of course, claim exoneration of the real estate. And further, the annuities are for the life of the widow, which may continue yet for years. The annuitants have a right to the benefit of the charge, as well upon the real as the personal estate, if any personal estate there be ; and they cannot be divested of it by the act of the widow in conveying away or mortgaging the real estate. There is nothing before me from which any equity in favor of the complainant, as against the annuitants, or any of them, could arise. He is entitled to a decree for the sale of the mortgaged premises, but they must be sold subject to the annuities. The question raised on the hearing, as to whether the grantee of the woodland sold by the widow in 1868, ought not, as between him and the complainant, to be required to contribute, proportionally, to the payment of the annuities,

Sugar Refining Co. *v.* Mayor, &c., of Jersey City.

cannot, for obvious reasons, enter into the determination of the rights of the parties in this suit. It may be remarked, however, that it is difficult to perceive why, as between the complainant and the purchaser of the woodland, the equities are not against the former, who took his mortgage after the conveyance of the woodland, and with full notice thereof.